WILLIAM WALLER *v.* STATE OF MISSISSIPPI.

[44 South., 825.]

CRIMINAL LAW AND PROCEDURE. *Homicide. Self-defense.*

A defendant charged with homicide may predicate self-defense of a showing that he was confronted with force calculated to and which did induce a reasonable apprehension that he was, at the time he struck the fatal blow, in danger of loss of life or great bodily harm at the hands of his assailant, although deceased did not have a deadly weapon.

FROM the circuit court of, first district, Yallobusha county. HON. SAMUEL C. COOK, Judge.

Waller, appellant, was indicted and tried for the murder of one Jerry Roseman, convicted of manslaughter, sentenced to the penitentiary for five years, and appealed to the supreme court.

He sought a reversal of the conviction principally because of alleged error in two instructions granted for the state. The opinion of the court states the facts. The two instructions complained of and criticised in the opinion of the court are as follows:

" 1. The court instructs the jury for the state that manslaughter is the killing of a human being with a deadly weapon

without malice, in the heat of passion and not in necessary self-defense. No mere blows with the hand or fist will justify a person in slaying his assailant with a deadly weapon. In order that a person may slay another and escape the condemnation of the law, he must have been in real or apparent danger of receiving at the hands of his assailant some great bodily harm with a deadly weapon at the time he struck the fatal blow."

" 2. The court instructs the jury for the state that the law permits a man to resist force with force, but the law does not tolerate the use of a deadly weapon, unless the person using the same be in real or apparent danger of great bodily harm or the loss of his life as a result of the attack of his adversary armed with a deadly weapon, and if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant killed the deceased with a deadly weapon in the heat of passion, while smarting under a blow, and when his life was in no real or apparent danger of suffering real bodily harm at the hands of the deceased armed with a deadly weapon, then you will find him guilty of manslaughter."

*Stone & Stone,* for appellant.

There were only two instructions asked by the state, and both were granted. Each of the two instructions was erroneous. These instructions each stated, in effect, that the appellant, Waller, in order to claim self-defense, must have been in real or apparent danger of receiving at the hands of his assailant, some great bodily harm with a deadly weapon, at the time he struck the fatal blow. No such limitations as contained in these instructions, can be found in any of the decisions of this state defining the crimes of murder, manslaughter, or even assault with intent to kill and murder. *Lamar* v. *State,* 63 Miss., 265; *Fore* v. *State,* 75 Miss., 727; *Prine* v. *State,* 73 Miss., 838. Code 1906, § 1236, paragraph (f), states that a homicide is justifiable " when committed in

the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or do some great personal injury, and there shall be imminent danger of such design being accomplished."

In passing upon the action of the accused, in a murder case, the jury should not try him by the light of after developed events, nor hold him to the same cool and correct judgment that they on the trial are able to form. They should judge of his acts from the circumstances by which he was surrounded at the time of the homicide. *Dyson* v. *State,* 26 Miss., 362; *Bang* v. *State,* 60 Miss., 71; *Cotton* v. *State,* 31 Miss., 504; *Fortenberry* v. *State,* 55 Miss., 403; *Kendricks* v. *State,* 55 Miss., 436.

In order to justify a killing as being in self-defense, it is not true that there must have been used against the slayer a deadly weapon. It is sufficient, if the slayer was confronted at the time of the homicide with such means of force as to lead to the reasonable conclusion that the slayer was in danger of great bodily harm. In the case of *Saffold* v. *State,* 76 Miss., 258; 24 South., 304, this court held that it was not competent to charge the jury that an ordinary pocketknife was not a deadly weapon, but held that the jury should settle the question from the character of the knife, and the manner of its use in the case before them. See also the case of *Stone* v. *Heggie,* 82 Miss., 410, where even in a civil case the court reversed a judgment because of an instruction to the jury that disregarded the manner in which a weapon was used.

*R. V. Fletcher,* attorney-general, for appellee.

Learned counsel for appellant contend that the judgment should be reversed, because they say that both in the first and second charges for the state, the jury were instructed that before appellant could be acquitted, there must exist a reasonable doubt whether appellant was endangered by an

attack with a "deadly weapon." We submit that these instructions must be judged in the light of the facts clearly proved. Only two theories were presented; one that appellant cut deceased after receiving a blow from the fist; the other, that the cutting was done after the blow had been given with a bucket. Now an assault with the fist alone does not justify the taking of human life. *Chase* v. *State,* 46 Miss., 583. Hence, the only remaining inquiry was, whether, even under appellant's own statement, the killing was justifiable; and this was for the jury. We submit that the instructions for the state do no more than to submit this question to the jury.

Even if there be error in the two instructions for the state, it was cured by the numerous and skillfully drawn instructions for the defense, twenty-nine in number.

Argued orally by *Alfred Stone,* for appellant, and by *R. V. Fletcher,* for appellee.

CALHOON, J., delivered the opinion of the court.

Appellant was indicted for murder, and convicted of manslaughter, and appeals to this court. Many cases come before us where colored festivals appear in the record, and unfortunately, it is true that in nearly every instance a dead negro is a feature in the landscape. So it is with this case. There was a festival, and this appellant figured on the occasion as a lemonade maker. He had lying on the table before him an ordinary pocketknife, which he used to cut the lemons and make the lemonade. While engaged in this duty, one Jerry Roseman came up in front of the counter, or table, or board behind which appellant was discharging his important duties, and between the two a controversy arose about a puppy dog, and one called the other a liar, and the other retorted, and blows were struck with the fist and returned with the fist. At some time in the mutual encounter a water bucket, about half full of ice, was raised by Roseman, with which he struck, or commenced to strike, the appellant. There is a sharp con-

flict in the evidence as to whether appellant struck Roseman or Roseman struck him first with the fist, and a sharp conflict as to whether appellant used his knife on Roseman before or after Roseman raised the bucket with the ice in it to strike.

The defense, of course, was that Waller did not strike with the knife, except to protect himself from the use of the bucket of ice by Roseman and in this situation the court gave two, and only two, instructions for the state, both of which clearly state the idea that Waller must have been " in real or apparent danger of receiving at the hands of his assailant some great bodily harm with a deadly weapon at the time he struck the fatal blow." This was error, and it is not cured anywhere in the instructions for the state or for the defense. In order to justify a killing in self-defense, it is not true that there must have been used against the slayer what is commonly understood to be of itself a deadly weapon. It is sufficient if he was confronted with such means of force as to induce a reasonable apprehension that he was in danger of loss of life or great bodily harm, and the jury should have been left to determine for themselves whether that was the condition under the facts of this case.

*Reversed and remanded.*